IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTHONY DAVID MCCARTY                                                                                   PLAINTIFF

V.                                                                             CIVIL ACTION NO. 4:22-CV-00043-RP

MISSISSIPPI STATE PENITENTIARY and
MDOC                                                                                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Anthony David McCarty, an inmate formerly housed at the Mississippi State Penitentiary located in Parchman, Mississippi, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Mississippi State Penitentiary and MDOC (Mississippi Department of Corrections). Doc. # 1. Having fully considered his allegations and the applicable authority, the Court finds that McCarty's complaint must be dismissed.[1]

Screening Standards

Because McCarty has been permitted to proceed *in forma pauperis* in this action,[2] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[3] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke*

---

[1] As McCarty consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 5, the undersigned has the authority to enter this memorandum opinion and order and the accompanying judgment.
[2] *See* Doc. #7.
[3] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

*v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's Allegations and Procedural Posture

In the instant action, McCarty complains about the conditions of his confinement while housed at the Mississippi State Penitentiary ("MSP") sometime in 2019. McCarty asserts that he was malnourished due to a lack of food and further notes plumbing issues. McCarty also contends that, at some unidentified time(s), he was stabbed in the head three times and that five of his teeth were knocked out. According to McCarty, unidentified MSP staff neglected their duties and medical attention provided was not immediate, but rather delayed.

McCarty filed the instant action on March 9, 2022,[4] asserting claims under 42 U.S.C. § 1983 against Defendants MSP and MDOC. Doc. # 1. By way of relief, McCarty seeks compensatory damages in the amount of 1.5 million dollars and further requests "mental evaluations and medical compensation." *Id.*

On April 25, 2022, the Court entered an Order requiring McCarty to submit additional information, particularly directing McCarty to "identify the individuals, if any, whom he believes are responsible for the acts alleged, and further provide a detailed account as to each named individuals' personal involvement in the alleged actions or inactions." Doc. # 9. McCarty

---

[4] McCarty signed the complaint on March 9, 2022, but it was filed on the docket on March 25, 2022. Doc. # 1.

2

submitted his response to the aforementioned order on April 29, 2022.[5] Doc. # 13. In this response, McCarty failed to identify any individuals whom he believes are responsible, but instead opined, in conclusory fashion, that "all persons" working at MSP were "involved" in the alleged wrongdoing. *See id.*

MSP and MDOC Not a "Person" Under 42 U.S.C. § 1983

The complaint fails to state a claim against Defendants MSP and MDOC under Section 1983 because MSP and MDOC are not a "person" within the meaning of that statute. Section 1983 provides, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Thus, to maintain an action under Section 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *See id.*

The State of Mississippi is not amenable to suit under this statute because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. *See* Miss. Code Ann. § 47-5-1; *Parks v. Miss. Dep't of Corrs.*, 2014 WL 232008, at *3 (S.D. Miss. Jan. 22, 2014); *Scott v. Miss. Dep't of Corrs.,* 2006 WL 1666258 (S.D. Miss. June 12, 2006). As MSP is a prison which is a part of MDOC, it logically follows that it

---

[5] McCarty dated his response on April 29, 2022, and it was stamped as "Received" by the Court on May 12, 2022. *See* Doc. # 13.

too is not amenable to suit. *See Towns v. Miss. Dep't of Corrs.*, 2020 WL 1249904, *4, n. 2 (N.D. Miss. March 16, 2020). Moreover, it is well-settled that a prison, correctional facility, or jail itself is *not* a "person" amenable to suit under Section 1983. *See Walker v. Hodge*, 4 F.3d 991, 1993 WL 360996, *2, n. 2 (5th Cir. 1993); *Miley v. Jones Co. Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2008). Consequently, McCarty's allegations against MSP and MDOC will be dismissed for failure to state a claim upon which relief could be granted, as both MSP and MDOC are not proper defendants under 42 U.S.C. § 1983.[6]

## Conclusion

Based on the foregoing discussion, the Court finds that McCarty's claims against MSP and MDOC fail because they are not "person[s]" within the meaning of Section 1983. Accordingly, the Court finds that McCarty's claims against MSP and MDOC should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). McCarty is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 6th day of June, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court additionally finds that McCarty's claim for monetary compensation fails because MDOC is entitled to sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution. U.S. Const. Amend XI; *Perez v. Region 20 Educ. Service Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Williams v. Miss. Dep't of Corr.*, 2012 WL 2052101 at *1 (S.D. Miss. June 6, 2012) (noting that MDOC is entitled to immunity as an arm of the state); *see also* Miss. Code Ann. § 47-5-1, *et seq.*